THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:18-CV-00091

SHARON K. WHITEHEAD, )
Individually and as Executrix of the )
Estate of JAMES T. WHITEHEAD, )
Deceased )
 )
          Plaintiffs, )
 )
v. )
 )
AIR & LIQUID SYSTEMS )
CORPORATION, et al., )
 )
          Defendants. )
 )

## BRIEF OF CBS CORPORATION
## IN SUPPORT OF SUMMARY JUDGMENT

Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse") submits this Brief in Support of its Motion for Summary Judgment as to all claims asserted by Plaintiff. Plaintiff seeks damages based on alleged asbestos-related injuries of decedent James Whitehead ("Mr. Whitehead"). Plaintiff, however, has failed to present any evidence that Mr. Whitehead was exposed to asbestos-containing materials for which Westinghouse is responsible, such that Westinghouse's conduct could be deemed a substantial factor in causing Mr. Whitehead's injuries. There is thus no basis for Plaintiff's claims of negligent design

1

defect and failure to warn as to Westinghouse. In addition, Plaintiff's claims as to breach of implied warranty, gross negligence, willful, wanton, and reckless conduct, and punitive damages are without merit as to Westinghouse. Because the record contains no competent evidence in support of the bare allegations contained in the Complaint, Westinghouse is entitled to judgment as a matter of law.

### STATEMENT OF THE NATURE OF THE MATTER

Plaintiff Sharon K. Whitehead, individually and as Executrix of the Estate of James T. Whitehead, Deceased, brought this diversity action against 38 defendants, asserting several causes of action against Westinghouse and others in her First Amended Civil Action Complaint. (Doc. 117.) All of Plaintiff's claims center upon Mr. Whitehead's having contracted mesothelioma due to his alleged exposure to asbestos. (*Id*. at ¶¶ 2, 51).[1] Plaintiff's first cause of action is based on negligent design defect (*id.* at ¶¶ 58-77), and the second is based on negligent failure to warn (*id.* at ¶¶ 78-81). The Third Cause of Action alleges breach of implied warranty (*id*. at ¶¶ 82-86) and the Fourth Cause of Action alleges gross negligence and willful, wanton, and reckless conduct (*id*. at ¶¶ 87-95). The Fifth and Sixth Causes of Action allege conspiracy and premises liability, respectively, and are not directed towards Westinghouse.[2] Plaintiff also seeks punitive

---

[1] Westinghouse reserves the right to challenge the diagnosis alleged by Plaintiff, as well as medical causation. This motion is based on Plaintiff's failure to prove exposure to asbestos via products attributable to Westinghouse.

[2] In the event Plaintiff amends her complaint or otherwise directs either of these causes of action or any additional cause of action towards Westinghouse, Westinghouse reserves the right to amend the present motion or file additional motions to assert any and all available defenses as to those causes of action.

damages. (*Id.* at ¶¶ 91-95, Prayer for Relief.) All of Plaintiff's claims against Westinghouse are brought pursuant to North Carolina's products liability law.

## STATEMENT OF FACTS

Per the scheduling order in this case, fact discovery was completed on November 15, 2019. (Doc. 181.) Mr. Whitehead was not deposed in this case. The only witnesses to testify regarding Mr. Whitehead's potential exposure to asbestos were Robert Dorsett and Grady Draughn, who were deposed on September 25, 2019. Neither witness provided any testimony that would support Plaintiff's claims of exposure to Westinghouse-attributable asbestos.

## QUESTION PRESENTED

Whether summary judgment in favor of Westinghouse is appropriate in an asbestos-related personal injury case where Plaintiff has failed to provide any evidence that the decedent was exposed to Westinghouse-attributable asbestos.

## ARGUMENT

### I. Summary Judgment Standard

The U.S. Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations omitted). "One of the principal purposes of the summary judgment rule is to

isolate and dispose of factually unsupported claims or defenses." *Id.* at 323-24.  As the Fourth Circuit pointed out, "[s]ummary judgment is to avoid a useless trial.  It is a device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts."  *Bland v. Norfolk & S.R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969).

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003).  A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party.  *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact."  *Bouchat*, 346 F.3d at 522 (citing *Celotex*, 477 U.S. at 325).  If this showing is made, the burden then shifts to the non-moving party, who must convince the Court that a triable issue does exist.  *Id*.

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth

4

specific facts showing that there is a genuine issue for trial." *Id.* at 525 (citations omitted). Neither "[u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," "summary judgment, if appropriate, shall be entered." *Id.* at 522.

## II. <u>Plaintiff's Evidence Fails to Establish Causation as to Westinghouse</u>

The Fourth Circuit devised the "frequency, regularity, and proximity" evidentiary test in *Lohrmann v. Pittsburgh-Corning Corp.*, 782 F.2d 1156, 1163 (4th Cir. 1986), to evaluate whether or not a given plaintiff has produced sufficient evidence of exposure to a defendant's product to survive summary judgment. That standard is that:

> the plaintiff in a personal injury asbestos case 'must prove more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable. Instead, the plaintiff must present 'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'

*Agner v. Daniel Intern. Corp.*, 2007 WL 57769, * 4 (W.D.N.C. Jan. 5, 2007) (quoting *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 (4th Cir. 1995) and *Lohrmann* at 1162-63 (4th Cir. 1986)).

The Fourth Circuit has "emphasized that proof of causation must be such as to suggest a 'probability' rather than a mere 'possibility'" of exposure in order to "guard

5

against raw speculation by the fact finder." *White v. Dow Chemical Co.*, 321 Fed. Appx. 266, 273 (4th Cir. 2009) (holding that the plaintiff's exposure evidence was "insufficient to demonstrate that there is a real probability" of exposure). That legal standard is in line with the holdings of the North Carolina Supreme Court which make clear that a plaintiff asserting a claim for damages arising from alleged exposure to asbestos must present evidence that the plaintiff (or her decedent) was *actually exposed* to a particular defendant's asbestos-containing product. In the Court's words, "[w]e agree with defendants' contention that at trial plaintiff's evidence must demonstrate that he was actually exposed to the alleged offending products." *Wilder v. Amatex Corp.*, 314 N.C. 550, 553-54, 336 S.E.2d 66, 68 (1985). Conversely, the mere inference that a defendant's product was present at a given work site, without more, does not constitute a material fact sufficient to withstand summary judgment. *Lohrmann*, 782 F.2d at 1162-63.

The Western District of North Carolina applied *Lohrmann* in the *Agner* case, where the plaintiff presented the court with essentially the same lack of evidence as exists in this case. In *Agner*, the court held in favor of a defendant who allegedly caused the plaintiff to be exposed to asbestos. In that case, as here, "no one had testified or averred that [the Plaintiff] was exposed to asbestos as a result of conduct by [the defendant]." *Id.* at *3. The court stated that the "requirement, however, is that the plaintiff make a showing with respect to *each defendant* that the defendant's product was a substantial factor in plaintiff's injury." *Id.* at *4 (quoting and citing *Lindstrom v. A-C Product Liability Trust,* 424 F.3d 488, 493 (6th Cir. 2005)) (emphasis added). Because of the lack

6

of evidence presented by the *Agner* plaintiff regarding the particular defendant at issue in that case, the Court granted summary judgment against the plaintiff. *Id*. at *4.

These holdings are consistent with a series of decisions rendered in the Middle District in 2014 in *Logan v. Air Prods. & Chems., Inc.*, in which Judge Eagles ruled on a number of summary judgment motions filed by various defendants.[3] Judge Eagles first applied the *Wilder* requirement of actual exposure. If the plaintiff established actual exposure, Judge Eagles then applied the *Lohrmann* "frequency, regularity and proximity" test to each defendant for purposes of determining whether the plaintiff had produced enough evidence against each defendant to survive summary judgment.

In *Logan*, summary judgment was granted to Foster Wheeler because the plaintiffs failed to pass the *Wilder* threshold requirement when they did not present evidence that the two Foster Wheeler boilers contained asbestos gaskets or that the plaintiff was actually exposed to asbestos from those boilers. *Logan v. Air Prods. & Chems., Inc.*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 157612, *13-15 (M.D.N.C. Nov. 7, 2014). In another decision issued on the same day in *Logan*, Judge Eagles ruled in similar fashion in favor of summary judgment for a valve manufacturer, The William Powell Company. *See Logan*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 157958, *13 (M.D.N.C. Nov. 7, 2014). The plaintiffs presented evidence that "many Powell valves were located

---

[3] *See Logan v. Air Prods. & Chems., Inc.*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 108594 (M.D.N.C. Aug. 7, 2014); *Logan v. Air Prods. & Chems., Inc.*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 157612 (M.D.N.C. Nov. 7, 2014); *Logan v. Air Prods. & Chems., Inc.*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 157958 (M.D.N.C. Nov. 7, 2014).

7

throughout" a refinery, that they made up a small portion of the valves at the refinery, and that the decedent would have been present when the valves were serviced. Judge Eagles found that this "evidence is insufficient to prove actual exposure." *Id.* at *10.

Even when a plaintiff is able to show "actual exposure" to asbestos from a given defendant's product, plaintiff must then meet the *Lohrmann* test by showing release of asbestos fibers from that defendant's product(s) "on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." Recent summary judgment rulings by this Court show that speculative or incomplete evidence will not be sufficient to meet the *Lohrmann* standard. *See, e.g.,* Order, *Young v. American Talc Co.,* No. 1:13-CV-864 (M.D.N.C. Aug. 3, 2018) (granting defendant's summary judgment motion despite testimony showing actual exposure to asbestos from defendant's products because testimony only revealed number of times decedent was exposed without providing how long any exposure lasted) (attached as Exhibit A); Order, *Connor v. Norfolk Southern Ry.,* No. 1:17-CV-127 (M.D.N.C. Dec. 11, 2018) (granting defendants' (insulation contractor and its supplier) motions for summary judgment despite evidence that asbestos-containing insulation supplied and installed by defendants at decedent's workplace during his employment there because testimony failed to place decedent near this work for any appreciable amount of time) (attached as Exhibit B).

Here, Plaintiff has failed to provide any evidence that Mr. Whitehead ever came into contact with a Westinghouse product that could have potentially exposed him to asbestos. Like the plaintiff in the *Logan* opinions, no witness in this case is able to state

8

that Mr. Whitehead was "actually exposed to asbestos," much less that he was exposed in a frequent, regular, and proximate manner.  In sum, there is simply no evidence on which a reasonable jury could base a finding that Westinghouse's conduct was a proximate cause of Mr. Whitehead's mesothelioma.  As such, no question of fact as to causation remains for trial, and Westinghouse is entitled to summary judgment in its favor as to all claims asserted by Plaintiff.

### III. Plaintiff's Evidence Fails to Support Breach of Implied Warranty Claim

A claim for breach of implied warranty of merchantability is governed by North Carolina's Products Liability Act and Uniform Commercial Code statutes. *See Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 354 S.E.2d 495 (1987) ("The General Assembly, when enacting the Products Liability Act after the Uniform Commercial Code had been adopted, did not intend that, the two acts be mutually exclusive, but intended an harmonious integration of the two").

To establish a *prima facie* case for a breach of implied warranty of merchantability under N.C. Gen. Stat. § 25-2-314, a plaintiff must prove: (1) "that the goods bought and sold were subject to an implied warranty of merchantability"; (2) "that the goods did not comply with the warranty in that the goods were defective [unfit for their ordinary purpose] at the time of sale"; (3) "that his injury was due to the defective nature of the goods"; and (4) "that damages were suffered as a result." *Cockerham v. Ward,* 44 N.C. App. 615, 624-25, 262 S.E.2d 651, 658 (1980)

The Plaintiff is not able to show any of the elements of the *prima facie* case under a breach of implied warranty theory. There is no evidence that Mr. Whitehead ever bought or used a Westinghouse product.

## IV. Plaintiff's Evidence Fails to Support Claims of Gross Negligence, Willful, Wanton, and Reckless Conduct, and Punitive Damages

Plaintiff's amended complaint claims gross negligence, willful, wanton, and reckless conduct, and seeks punitive damages. (Doc. 117, ¶¶ 87-95, Prayer for Relief.) For the reasons set forth above, Westinghouse is entitled to summary judgment on all claims. Even if the Court disagrees with Westinghouse, however, the punitive damages claim should be dismissed because Plaintiff lacks proof sufficient to present a punitive damages claim to the jury.

Whether punitive damages may be awarded in North Carolina is governed by statute. N.C.G.S. § 1D-15 states:

> (a) Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded:
> 1. Fraud.
> 2. Malice.
> 3. Willful or wanton conduct.
> (b) The claimant must prove the existence of an aggravating factor by clear and convincing evidence.

*See* N.C.G.S. § 1D-15. The phrase "willful or wanton conduct" is defined to mean "the conscious and intentional disregard or indifference to the rights and safety of others,

10

which the defendant knows or should know is reasonably likely to result in injury, damage or other harm" and "means more than gross negligence." N.C.G.S § 1D-5(7).

Because Westinghouse is a corporation, the Court also must consider that "when the claimant seeks punitive damages against a corporation, the claimant must show that 'the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damage.'" *Fussman v. Novartis Pharm. Corp.*, No. 1:06-CV-149, 2011 WL 5836928, at *4 (M.D.N.C. Nov. 21, 2011) (quoting N.C. Gen. Stat. § 1D–15(c)), *aff'd*, 509 F. App'x 215 (4th Cir. 2013).

Here, Plaintiff lacks any evidence whatsoever, let alone clear and convincing evidence, sufficient to sustain a claim for punitive damages, gross negligence, or willful, wanton, and reckless conduct. Even if there were evidence that Mr. Whitehead was actually exposed to an asbestos-containing product for which Westinghouse was potentially liable, which there is not, there is no evidence of fraud or malice on the part of Westinghouse or conduct by Westinghouse that was grossly negligent or that was willful, wanton or reckless. Similarly, Plaintiff cannot show that the officers, directors, or managers of Westinghouse participated in or condoned any such conduct. Accordingly, the Court should dismiss Plaintiff's claims for punitive damages, gross negligence, and willful, wanton, and reckless conduct against Westinghouse.

## CONCLUSION

WHEREFORE, Defendant Westinghouse respectfully requests the Court grant this Motion for Summary Judgment as to all counts in Plaintiff's Complaint. As to any matters on which summary judgment is not granted, Defendant respectfully requests that

this Court determine which facts remain disputed. As to all matters on which there is no genuine issue of material fact, Defendant respectfully requests the Court grant partial summary judgment.

Dated: December 5, 2019.

*/s/ Jennifer M. Techman*
Jennifer M. Techman
NC Bar No. 32183
Attorney for CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation

Evert Weathersby Houff
3455 Peachtree Road, Suite 1550
Atlanta, GA 30326
(678) 651-1200 Telephone
JMTechman@ewhlaw.com

## CERTIFICATE OF WORD COUNT

The foregoing **Brief of CBS Corporation in Support of Summary Judgment** is in compliance with the word count limit defined in LR 7.3(d).

*/s/ Jennifer M. Techman*
Jennifer M. Techman

Evert Weathersby Houff
3455 Peachtree Road, Suite 1550
Atlanta, GA 30326
(678) 651-1200 Telephone
JMTechman@ewhlaw.com

## CERTIFICATE OF SERVICE

On December 5, 2019 the **Brief of CBS Corporation in Support of Summary Judgment** was provided electronically to all counsel of record by filing via CM/ECF.

*/s/ Jennifer M. Techman*
Jennifer M. Techman

Evert Weathersby Houff
3455 Peachtree Road, Suite 1550
Atlanta, GA 30326
(678) 651-1200 Telephone
JMTechman@ewhlaw.com
1521995.1