IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:18-cv-91

| | |
|---|---|
| SHARON K. WHITEHEAD, Individually and as Executrix of the Estate of JAMES T. WHITEHEAD, Deceased, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIR & LIQUID SYSTEMS CORPORATION, *et al.*, | ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**<u>WARREN PUMPS, LLC'S BRIEF IN SUPPORT OF SUMMARY JUDGMENT</u>**

Pursuant to Local Rules 7.2, 7.3, and 56.1, Defendant Warren Pumps, LLC ("Warren Pumps" or "Warren"), submits this Brief in Support of its Motion for Summary Judgment:

## I.     INTRODUCTION

Warren Pumps is entitled to summary judgment in this asbestos-related personal injury action because Plaintiff Sharon K. Whitehead ("Plaintiff") has not, and simply cannot, prove the essential element of causation.  Indeed, Plaintiff has no evidence that decedent James T. Whitehead ("the Decedent") ever encountered a Warren product during his lifetime.  Thus, she has no evidence that the Decedent was ever exposed to asbestos from a Warren product.  Likewise, Plaintiff has no evidence that exposure to Warren's products was a substantial contributing factor in causing the Decedent's mesothelioma.  As

Case 1:18-cv-00091-LCB-JLW    Document 304    Filed 03/16/20    Page 1 of 14

Plaintiff cannot prove that Warren proximately caused the Decedent's alleged injury, the entry of summary judgment in Warren's favor is warranted.

## II.    STATEMENT OF FACTS

Plaintiff alleges that the Decedent contracted mesothelioma, which was caused by his exposure to asbestos.  (Compl. ¶ 51).  Plaintiff further alleges that the Decedent's exposure to asbestos exposure occurred, at least in part, during his employment as a sheet metal and maintenance mechanic at R. J. Reynolds Tobacco Company in Winston-Salem, North Carolina from approximately 1959–1964; at The Bahnson Company at various textile mill jobsites in North and South Carolina from approximately 1966–1967; while employed through the Sheet Metal Workers Local 159 at various jobsites in Greensboro, North Carolina from approximately 1967–1968; and while employed at Schlitz Brewery (later the Joseph Stroh Brewery a/k/a Stroh's Brewery) in Winston-Salem, North Carolina from approximately 1968–1999.  (Compl. ¶¶ 52–56).

Plaintiff sued thirty-eight (38) Defendants, including Warren Pumps.  She generally alleges that all Defendants manufactured and/or sold asbestos-containing products or materials.  (Compl. ¶ 57).  Additionally, Plaintiff alleges that the individual acts or omissions of each Defendant: (1) exposed the Decedent to asbestos dust; and (2) such exposures were a substantial contributing factor in causing the Decedent's mesothelioma.

However, Plaintiff's claims against Warren Pumps fail because, through discovery, the Plaintiff produced no evidence that the Decedent ever worked with or around a Warren

product.[1]    During the discovery process, Plaintiff failed to develop any evidence whatsoever which is specific to, refers to, or even mentions Warren. Plaintiff's only product identification witnesses, the Decedent's co-workers Robert Dorsett and Grady Draughn, who worked as maintenance mechanics at the Schlitz and Stroh Brewery from 1982–1999 and from 1984–1994 respectively, testified regarding several brands of equipment that they alleged were worked on by the Decedent or in proximity to the Decedent. However, neither testified as to the existence of any Warren product at the brewery nor did either give any testimony that the Decedent worked with or around any Warren product. Indeed, neither provided any testimony whatsoever regarding any Warren product.

Furthermore, none of the Plaintiff's six designated expert witnesses causally connected any Warren product with the Decedent's mesothelioma in any of their reports or deposition testimony.[2]  In fact, their reports do not even mention any Warren product at all.[3]

---

[1] Fact discovery concluded on November 15, 2019 pursuant to the Text Order entered by this Court on April 15, 2019.

[2] Dr. Arnold Brody's expert report is attached hereto at Exhibit A; Charles Ay's expert report is attached at Exhibit B; Dr. Edwin Holstein's expert report is attached at Exhibit C; Kenneth Garza's expert report is attached at Exhibit D; and Dr. John Maddox' expert report is attached at Exhibit E.

[3] Plaintiff must provide "a complete statement of all opinions [her expert] witness will express and the basis and reasons for them" and "the facts or data considered by the witness informing them." FED. R. CIV. P. § 26(a)(2)(B)(i)–(ii). Pursuant to Rule 37(c)(1), "if a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial . . ." § 37(c)(1); see Miller-Sharpe, Inc. v. Wal-Mart Stores, No. 4:95CV00050,

Therefore, at the close of discovery, the Plaintiff has presented no evidence whatsoever against Warren in this matter. In summary, while the Plaintiff appears to allege that Warren Pumps is one of the many defendants which is liable for the Decedent's alleged injury, she has produced no evidence that the Decedent was ever in the vicinity of any Warren product even once, much less that he was around any Warren product that released asbestos-fibers into his breathing zone on a regular basis over an extended period of time such that he was exposed to asbestos which caused his mesothelioma.

Accordingly, Plaintiff's claims against Warren fail as a matter of law.

## III.    QUESTION PRESENTED

Whether summary judgment in favor of Warren is warranted in this asbestos related personal injury case where Plaintiff has failed to provide any evidence that the Decedent was ever exposed to asbestos attributable to Warren, much less in the "frequent, regular, and proximate manner" required under settled North Carolina and Fourth Circuit law.[4]

---

1996 U.S. Dist. LEXIS 4980, at *8, *8 n.3 (M.D.N.C. Mar. 26, 1996) (excluding expert testimony from one of defendant's experts for failure to disclose all material related to the expert testimony during pre-trial disclosures). Plaintiff's expert witnesses each prepared expert reports, but none gave an opinion specific to Warren, including that exposure to a Warren product was a substantial contributing factor in causing the Decedent's mesothelioma. Thus, any opinion which Plaintiff might utilize to attempt to defeat the instant motion is prohibited by Rule 37(c)(1).

[4] Plaintiff sued Warren and made claims against Warren for (1) defective design, (2) failure to warn, (3) breach of implied warranty, and (4) gross negligence, willful, wanton, and reckless conduct. However, all of those claims hinge on the question of whether Plaintiff possesses evidence of the Decedent's exposure to a Warren product which, as explained below, she does not.

## IV. STANDARD OF REVIEW

Summary judgment shall be awarded, under the Federal Rules of Civil Procedure, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (citing FED. R. CIV. P. 56). A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the non-moving party. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986)). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." *Bouchat*, 346 F.3d at 522 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. *Id.* However, a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings," but instead must "set forth specific facts showing that there is a genuine issue for trial." *Id.* (quoting FED. R. CIV. P. 56(e)). Furthermore, "neither unsupported speculation, nor evidence that is merely colorable or not significantly probative, will suffice to defeat a motion for summary judgment"; however, "if the adverse party fails to bring forth facts showing that reasonable minds could differ on a material point, then, regardless, of any proof or evidentiary requirements imposed by the substantive law,

summary judgment, if appropriate, shall be entered." *Id.* (citations omitted) (internal quotation marks omitted).

Additionally, the Fourth Circuit has discussed why testimony based purely upon circumstantial evidence – which at most is what Plaintiff's evidence in this case could be – should be carefully scrutinized. The Court stated that:

> We have spoken to the question of the sufficiency of circumstantial evidence required to support a finding of causal connection and have concluded that there must be evidence of a reasonable and rational nature upon which a jury can make the necessary inference that there is a causal connection between the defendant's action and a plaintiff's injury.

*Lohrmann v. Pittsburgh-Corning Corp.*, 782 F.2d 1156, 1163 (4th Cir. 1986). The Court went on to state that "it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Id.* (quoting *Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir. 1958)).

As stated above, the standard for summary judgment is not whether Plaintiff can present some shred of "merely colorable" evidence that at some time in his life the Decedent might have been around a Warren Pumps product – though Plaintiff has not even done that. The standard is whether Plaintiff produced "material facts" sufficient to prove causation. In this case, Plaintiff offered no material facts to prove that the Decedent *ever* had *any* exposure to any Warren Pumps product, much less the frequent, regular and proximate exposure to asbestos dust which is legally required. Entry of summary judgment in favor of Warren Pumps is therefore appropriate.

## VI. THE PLAINTIFF LACKS SUFFICIENT EVIDENCE TO MEET THE *LOHRMANN* STANDARD REGARDING EXPOSURE TO WARREN PUMPS

### A. The "*Lohrmann* Standard" Applied Under North Carolina Law[5]

Plaintiff has no evidence that the Decedent was ever around any Warren Pumps product – let alone that he was around a Warren product that released respirable asbestos fibers into his breathing zone. North Carolina uses the "frequency, regularity, and proximity" test devised by the Fourth Circuit in the *Lohrmann* case[6] to evaluate whether or not a given plaintiff produced sufficient evidence of exposure to a defendant's product to survive summary judgment. That standard is that:

> [T]he plaintiff in a personal injury asbestos case "must prove more than a casual or minimum contact with the product" containing asbestos in order to hold the manufacturer of that product liable. Instead, the plaintiff must present "evidence of exposure to a specific product [of the defendant] on a regular basis over some extended period of time in proximity to where the plaintiff actually worked."

---

[5] "[U]nder North Carolina law, when the injury giving rise to a negligence or strict liability claim occurs in another state, the law of that state governs resolution of the substantive issues in the controversy." *Boudreau v. Baughman*, 322 N.C. 331, 336, 368 S.E.2d 849, 854 (1988). However, as noted above, there is no evidence to support the proposition that Warren Pumps ever caused any injury to the Decedent at any location by exposing him to asbestos. Therefore, there is no evidence regarding whether the Decedent's alleged injury due to any alleged act or omission of Warren Pumps occurred in North Carolina or in another state. In any event, to the knowledge of undersigned counsel, there are no jurisdictions in which the law governing exposure would result in a different outcome in this case, given Plaintiff's total lack of any exposure evidence regarding Warren.

[6] This frequency, regularity, and proximity test "was adopted and has particular application to asbestos litigation, because of the tendency of many plaintiffs to sue every known manufacturer of products containing asbestos, without regard to whether the plaintiff can prove exposure to the manufacturer's product. This rule reduces the expense of the litigation and simplifies the issues for trial." *Smith v. Celotex Corp.*, Nos. 86-3663(L), 86-3664, 1988 U.S. App. LEXIS 19668, at *2 n.1 (4th Cir. Nov. 23, 1988).

*Agner v. Daniel Int'l Corp.*, No. 3:98CV220, 2007 U.S. Dist. LEXIS 1509, at \*15 (W.D.N.C. Jan. 5, 2007) (quoting *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 (4th Cir. 1995) (quoting *Lohrmann*, 782 F.2d at 1162–63)).

Put another way, to survive a motion for summary judgment in North Carolina, a plaintiff in any asbestos case, "must (1) identify an asbestos-containing product for which a defendant is responsible, (2) prove that he has suffered damages, and (3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages." *Id.* "The Fourth Circuit has held that the plaintiffs in an asbestosis case 'must present evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" *Logan v. Air Prods. & Chems., Inc.*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 157958, at \*8 (M.D.N.C. Nov. 7, 2014) (quoting *Jones*, 69 F.3d at 716) (granting summary judgment to defendant when no evidence was presented that plaintiff worked around any of defendant's valves).

The Fourth Circuit has "emphasized that proof of causation must be such as to suggest a 'probability' rather than a mere 'possibility'" of exposure in order to "guard against raw speculation by the fact finder." *White v. Dow Chem. Co.*, No. 08-1165, 2009 U.S. App. LEXIS 7483, at \*18 (4th Cir. Apr. 8, 2009) (quoting *Sakaria v. Transworld Airlines*, 8 F.3d 164, 172–73 (4th Cir. 1993)) (holding that the plaintiff's exposure evidence was "insufficient to demonstrate that there is a real probability" of exposure). That legal standard is in line with the holdings of the North Carolina Supreme Court, which make it clear that a plaintiff asserting a claim for damages arising from alleged exposure to asbestos must present evidence that the plaintiff (or her decedent) was *actually exposed* to a

particular defendant's asbestos-containing product. In the Court's words, "[w]e agree with defendants' contention that at trial plaintiff's evidence must demonstrate that he was *actually exposed* to the alleged offending products." *Wilder v. Amatex Corp.*, 314 N.C. 550, 553–54, 336 S.E.2d 66, 68 (1985) (emphasis added).

Therefore, "[i]t is axiomatic that in the absence of any demonstrated exposure, a defendant's product cannot be a factor, much less a substantial factor, in a plaintiff's disease." *Queen v. CBS Corp.*, No. 1:16-CV-00330, 2017 U.S. Dist. LEXIS 201299, at *4–5 (M.D.N.C. Dec. 7, 2017) (granting summary judgment to a defendant when the plaintiff failed to produce any evidence of plaintiff's exposure to defendant's product). The Honorable Catherine Eagles of the Middle District of North Carolina granted summary judgment to numerous defendants in *Logan* when the "plaintiffs [] produced no evidence that the plaintiff's decedent was exposed to or had conduct with asbestos-containing products for which [the defendant] is responsible." *Logan v. Air Prods. & Chem., Inc.*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 190166, 190180, 190181, and 190183, at *4 (M.D.N.C. July 7, 2014).

Conversely, the mere inference that a defendant's product was present at a given worksite, without more, does not constitute a material fact sufficient to withstand summary judgment. *Lohrmann*, 782 F.2d at 1162–63; *see also Logan v. Air Prods. & Chems., Inc.*, No. 1:12-CV-1353, 2014 U.S. Dist. LEXIS 157612, at *9–10 (M.D.N.C. Nov. 7, 2014) ("It is not enough for a plaintiff 'simply to show that [the offending] products were shipped to various job sites on which [the defendant] worked.") (quoting *Wilder*, 314 N.C. at 55, 336 S.E.2d at 68); *Lindstrom v. A-C Prods. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005),

*overruled in part by Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986 (2019) ("[W]e have permitted evidence of substantial exposure for a substantial period of time to provide a basis for the inference that the product was a substantial factor in causing the injury. 'Minimal exposure' to a defendant's product is insufficient. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient.") (internal citations omitted).

For example, in *Yates v. Air & Liquid Sys. Corp.*, No. 5:12-cv-752-FL, 2014 U.S. Dist. LEXIS 12295 (E.D.N.C. Jan. 31, 2014),[7] the plaintiff sued multiple equipment manufacturers for alleged exposure occurring at his former worksites. *Id.* at \*4. While the plaintiff testified generally about his worksites, neither he nor any other witness was able to name the brand name or any manufacturer of any products to which he alleged exposure. *Id.* at \*7, \*19–20. The plaintiff did produce work history sheets which showed various manufacturers' products presence at the plaintiff's worksite, but the Court found that those, at best, were "a 'mere showing that the defendant's product was present somewhere at plaintiff's place of work' and [were] not sufficient to show that the product was a 'substantial factor' in causing injury . . . or that exposure occurred on a 'regular basis over an extended period of time.'" *Id.* at \*20 (quoting *Lindstrom*, 424 F.3d at 492, and quoting *Jones*, 69 F.3d at 716). Based on plaintiff's lack of exposure evidence, the Court granted summary judgment for the multiple defendants. *Id.*

---

[7] While Judge Flanagan analyzed that case using *Lindstrom* due to the plaintiff's alleged exposure while aboard a ship in the Navy, the analysis under *Lohrmann* is similar to that of *Lindstrom* and necessarily leads to the same result when the plaintiff completely lacks exposure evidence.

B.      Plaintiff Cannot Satisfy her Burden Under the "*Lohrmann* Standard"

In this case, the evidence of the Decedent's exposure to any Warren Pumps product is even less than the plaintiffs presented in *Yates*.  Indeed, throughout the entire course of discovery, Plaintiff never produced any evidence whatsoever that the Decedent worked with, around, or even in the vicinity of any Warren product.

Even if one were to assume that a Warren product could have been installed somewhere within the Decedent's worksite(s), that alone would not meet the "probability" of exposure required by *White* nor the "frequency, proximity, and regularity" of exposure required by *Lohrmann*.  Further, Plaintiff has produced no evidence to show that the Decedent was "actually exposed" to any Warren product as required by *Wilder*.  In fact, there is no direct evidence that the Decedent worked with our around a Warren pump – much less work that exposed him to respirable asbestos fibers – at any of his worksites. Additionally, there is no evidence to bring that hypothetical exposure to a level which could satisfy the "frequency, proximity, and regularity" of exposure requirement to prove causation in this jurisdiction.

Plaintiff's evidence regarding the Decedent's exposure to Warren's equipment does not even amount to "a mere 'possibility' of exposure," which the Fourth Circuit has specifically held to be insufficient to overcome summary judgment.  *See White*, 2009 U.S. App. LEXIS 7483, at \*18.  Accordingly, no reasonable jury could conclude from the evidence that the Decedent was exposed to asbestos used in connection with any Warren Pumps product such that it was a substantial factor in the development of his mesothelioma

as required under North Carolina law.  Therefore, all of the Plaintiff's claims fail as a matter of law and summary judgment must be entered in favor of Warren Pumps.

## VII.  CONCLUSION

In light of the above authorities and undisputed facts, Defendant Warren Pumps, LLC respectfully requests that the Court grant its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, dismissing all of Plaintiff's claims against Warren Pumps, LLC in this lawsuit.[8]

Respectfully submitted,

**BENNETT GUTHRIE, PLLC**

By:  /s/ Joshua H. Bennett
Joshua H. Bennett
N.C. State Bar No. 32576
Jasmine M. Pitt
N.C. State Bar No. 49469
1560 Westbrook Plaza Drive
Winston-Salem, North Carolina 27103
(336) 765-3121  (TEL)
(336) 765-8622  (FAX)
jbennett@bennett-guthrie.com
*Attorney for Defendant Warren Pumps, LLC*

Dated: March 16, 2020.

---

[8] Because Plaintiff Sharon K. Whitehead's individual claim is derivative of the wrongful death claim of the Decedent, her individual claim, to the extent it exists, must also fail as to Warren Pumps.

Case 1:18-cv-00091-LCB-JLW   Document 304   Filed 03/16/20   Page 12 of 14

## <u>CERTIFICATION OF WORD COUNT COMPLIANCE</u>

The undersigned, as counsel for Defendant Warren Pumps, LLC, certifies that this Brief complies with LR 7.3(d) of the Middle District of North Carolina in that it does not exceed 6,250 words, including the body of the brief, headings and footnotes. This Brief contains approximately 3,226 words, based on the word count feature of the word processing software used in its preparation.

**BENNETT GUTHRIE, PLLC**

By: /s/ Joshua H. Bennett
Joshua H. Bennett
N.C. State Bar No. 32576
1560 Westbrook Plaza Drive
Winston-Salem, North Carolina 27103
(336) 765-3121 (TEL)
(336) 765-8622 (FAX)
jbennett@bennett-guthrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2020, I electronically filed the foregoing true and correct copy of WARREN PUMPS, LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document to all parties who have entered their appearance via their current counsel of record, including the below counsel for the Plaintiff:

Kevin Paul, Esq.
Dean Omar Branham Shirley, LLP
302 N. Market St., Suite 300
Dallas TX 75202
kpaul@dobslegal.com

William M. Graham, Esq.
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
bgraham@wallacegraham.com

**BENNETT GUTHRIE PLLC**

By: /s/ Joshua H. Bennett
Joshua H. Bennett
N.C. State Bar No. 32576
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103
(TEL): (336) 765-3121
(FAX): (336) 765-8622
jbennett@bennett-guthrie.com
*Attorney for Defendant Warren Pumps, LLC*

Page 14 of 14